## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | : |
| | : |
| $133,792.38 FROM HANCOCK WHITNEY | : |
| BANK ACCT. NO. XXXXX5138 | : |
| IN THE NAME OF ADOLPHUS OBIOHA; | : |
| $2,391.08 FROM HANCOCK WHITNEY | :     CIVIL ACTION NO. 22-CV |
| BANK ACCT. NO. XXXX2206 | : |
| IN THE NAME OF ADOLPHUS OBIOHA; | : |
| $25.91 FROM HANCOCK WHITNEY | : |
| BANK ACCT.NO. XXX0560 IN THE NAME | : |
| OF ADOLPHUS OR CHINYERE OBIOHA; | : |
| $24.72 FROM HANCOCK WHITNEY | : |
| BANK ACCT. NO. XXX5942 IN THE NAME | : |
| OF AA ACADEMY TRANSPORTATION | : |

### VERIFIED COMPLAINT FOR FORFEITURE IN REM

NOW INTO COURT COMES Plaintiff, United States of America, by and through undersigned counsel, who alleges the following:

### NATURE OF THE ACTION

1. This is a civil forfeiture action brought against a) $133,792.38 formerly in Hancock Whitney Bank Account No. XXXXX5138 in the name of Adolphus A. Obioha; b) $2,391.08 formerly in Hancock Whitney Bank Account No. XXXX2206 in the name of Adolphus A. Obioha; c) $25.91 formerly in Hancock Whitney Bank Account No. XXXX0560 in the name of Adolphus A. Obioha or Chinyere Obioha; and d) $24.72 formerly in Hancock Whitney Bank Account No. XXXX5942 in the name of AA Academy Transportation, which funds were involved in violations of wire fraud (18 U.S.C. § 1343) and money laundering (18 U.S.C. § 1957) and, thus, are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## THE DEFENDANTS IN REM

2.\tThe defendant property consists of the following:

$133,792.38 formerly in Hancock Whitney Bank Account No. XXXXX5138 in the name of Adolphus A. Obioha;
$2,391.08 formerly in Hancock Whitney Bank Account No. XXXX2206 in the name of Adolphus A. Obioha;
$25.91 formerly in Hancock Whitney Bank Account No. XXXX0560 in the name of Adolphus A. Obioha or Chinyere Obioha; and
$24.72 formerly in Hancock Whitney Bank Account No. XXXX5942 in the name of AA Academy Transportation (collectively, the "defendant property").

## JURISDICTION AND VENUE

3.\tThe United States brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over this action for forfeiture under 28 U.S.C. § 1355(a).

4.\tThis Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the United States will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(b) & (c).

5.\tVenue is proper in this district, pursuant to 28 U.S.C. § 1355(b)(1)(A), because acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

6.\tThe defendant property is subject to forfeiture because it represents any property, real or personal, which constitutes or is derived from proceeds traceable to violations of wire fraud (18 U.S.C. § 1343) and money laundering (18 U.S.C. § 1957) and, thus, is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## FACTS

7.\tIn March 2020, the Coronavirus Aid, Relief, and Economic Security (CARES) Act

Case 3:22-cv-01017-JWD-SDJ    Document 1    12/13/22    Page 3 of 6

was passed and signed into law. This economic relief package included assistance for small businesses.

8. In response to the Coronavirus ("COVID-19") pandemic, small business owners and non-profit organizations in all U.S. states, Washington D.C., and territories were able to apply for an Economic Injury Disaster Loan ("EIDL"). EIDL benefits were designed to provide economic relief to businesses that were experiencing a temporary loss of revenue due to the COVID-19 pandemic. EIDL benefits and proceeds could be used by businesses to cover an array of working capital and normal operating expenses, such as continuation of health care benefits, rent, utilities, employee payroll, and other fixed debt payments. The EIDL program is managed by the Small Business Administration ("SBA") and, typically, these loans are "forgivable" by the U.S. Government, meaning if they are used as designed, the SBA has certain "forgiveness" protocols in place.

9. Applicants for an EIDL must apply directly through the SBA. When applications are received by the SBA, the applications are reviewed, and if approved, funds are disbursed directly to the applicant's bank account.

10. On or about June 26, 2020, an EIDL application was submitted to the SBA on behalf of AA Academy & Driving Institution, which had the trade name AA Academy Transportation, 4317 Airline Hwy., Baton Rouge, LA ("AA Academy & Driving Institution"). This application indicated that, on January 31, 2020, AA Academy & Driving Institution had four employees.

11. On or about July 10, 2020, an SBA Loan Authorization and Agreement for this EIDL was signed and bore the electronic signature of Adolphus Obioha. This Loan Authorization and Agreement included a "Use of Loan Proceeds" section which stated, in pertinent part:

3

"Borrower will use all the proceeds of this Loan solely as working capital to alleviate economic injury caused by disaster occurring in the month of January 31, 2020 and continuing thereafter[.]"

12. Based on the information provided and the certifications made in the EIDL application, on June 30, 2020, the SBA paid an advance amount of approximately $4,000, which was deposited into the Hancock Whitney Bank Account ending in 5942 in the name of AA Academy Transportation ("#5942"). On July 14, 2020, the SBA paid loan proceeds of approximately $99,900, which was deposited into #5942. Two days later, on July 16, approximately $95,000 was transferred from #5942 to Hancock Whitney Bank Account ending in 5138 in the name of Adolphus A. Obioha ("#5138").

13. In or about June and/or July 2021, the EIDL application for AA Academy & Driving Institution was modified. This modified application indicated that AA Academy & Driving Institution had one employee.

14. On or about July 22, 2021, an Amended Loan Authorization and Agreement for this modified EIDL was signed and bore the electronic signature of Adolphus Obioha. This Amended Loan Authorization and Agreement included a "Use of Loan Proceeds" section which stated, in pertinent part: "Borrower will use all the proceeds of this Loan solely as working capital to alleviate economic injury caused by disaster occurring in the month of January 31, 2020 and continuing thereafter[.]"

15. Based on this modified loan submission, the SBA approved and funded the loan, paying advance amounts of approximately $5,000 on July 8, 2021, and $6,000 on July 12, 2021, into #5942 and then, on July 29, loan proceeds of $311,900, which was also deposited into #5942. On July 30, 2021, approximately one day after the $311,900 was deposited into #5942, approximately $311,136 was transferred to #5138.

16.     Between 2020 and 2022, approximately $6,992 in EIDL proceeds were transferred from #5942 into Hancock Whitney Bank Account ending in 2206 in the name of Adolphus Obioha ("#2206").  Approximately $1,751 was subsequently transferred back to #5942 from #2206.

17.     On or about October 4, 2021, approximately $1,000 was transferred from #5138 into Hancock Whitney Bank Account ending in 0560 in the name of Adolphus Obioha and Chinyere Obioha ("#0560").  On or about November 18, 2021, approximately $381 was transferred from #5942 to #0560.

18.     Records from the Louisiana Workforce Commission revealed that AA Academy Transportation had no wage records from January 2019 through April 2022.

19.     Records from the Louisiana Office of Motor Vehicles revealed that the license for AA Academy & Driving Institution was being revoked in April 2015.  Furthermore, in October 2016, the Louisiana Office of Motor Vehicles advised AA Academy & Driving Institution that their driving school license would not be renewed.

20.     Because the EIDL applications submitted to the SBA are alleged to include false representations, the defendant property is alleged to be proceeds traceable to violations of wire fraud and money laundering.

*Funds Seized*

21.     On July 19, 2022, pursuant to four seizure warrants signed by Magistrate Judge Scott Johnson in the Middle District of Louisiana, a total of $136,234.09 was seized from the four previously-referenced Hancock Whitney Bank accounts.  These funds (the "defendant property") are currently in the possession of the United States Marshals Service.

WHEREFORE, the plaintiff requests that the Court issue a warrant and summons for the arrest and seizure of the defendant property; that notice of this action be given to all persons known or thought to have an interest in or right against the defendant property; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and that the Court award the plaintiff such other and further relief as this Court deems proper and just.

UNITED STATES OF AMERICA, by

RONALD C. GATHE, JR.
UNITED STATES ATTORNEY

/s/ J. Brady Casey
J. Brady Casey, LBN 24338
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
E-mail: john.casey@usdoj.gov